CHARLES SAX v. JOHN M. WILKERSON.

**No. 305.**

1. CHATTEL MORTGAGE—*in fraud of creditors, evidence of mortgagor's fraudulent intent competent against mortgagee with knowledge.* In an action of replevin by a mortgagee to recover possession of personal property, in which the validity of the mortgage is assailed as having been made to hinder, delay, and defraud creditors, with knowledge thereof upon the part of the mortgagee, it is competent to introduce evidence in the first instance to show the fraudulent intent of the mortgagor.

2. ———— *so evidence showing business relations between parties to, before, made.* In such case it is competent, for the purpose of showing knowledge upon the part of the mortgagee, to introduce evidence to show the business relations existing between the mortgagor and mortgagee prior to and at the time the mortgage was made.

3. RECORDS OF REGISTER OF DEEDS—*competent on showing party offering, has not possession or control of originals.* In order to make the records of the register of deeds' office competent evidence, it is only necessary to show that the party offering such records has not the possession or control of the originals.

Error from Shawnee District Court. Hon. J. B. Johnson, Judge. Opinion filed December 21, 1897. *Affirmed.*

*Isenhart & Alexander,* for plaintiff in error.

*Jetmore & Jetmore,* for defendant in error.

MAHAN, P. J. The plaintiff in error sued the defendant in error, who was sheriff of Shawnee County, in replevin, to recover the possession of clothing, claiming ownership under a chattel mortgage from Jacob Levi. The defendant had possession, as sheriff, under a levy of attachment against Levi at the suit of one of Levi's creditors. The contention of the defendant was that the mortgage was void because made to hinder, delay, and defraud the creditors of

204     Sax v. Wilkerson.

N. Dept.     Opinion. Mahan, P. J.     6 Kan. App.

Levi, and that Sax took it with knowledge of this vice. Sax and Levi are brothers-in-law. Sax resides in Chicago and does business in Ottumwa, Iowa; Levi resides in Topeka and was engaged in mercantile trade there. There was a trial to the court and a jury, and verdict and judgment were rendered for the defendant.

The plaintiff makes the following assignments of error:

"1. The court erred in permitting the defendant to introduce incompetent, irrelevant and immaterial evidence.

"2. The court erred in permitting the defendant to introduce incompetent, irrelevant and immaterial documents in evidence, and also without first laying a proper foundation therefor.

"3. The court erred in permitting the defendant to introduce record evidence without any preliminary proof of such records.

"4. The court erred in overruling the plaintiff's motion for a new trial.

"5. The verdict and judgment are contrary to the law and the evidence."

These assignments are general and indefinite, and do not conform to the rules of this court in that they do not set out the evidence complained of. They do not suggest by way of reference to the record that of which complaint is made. However, by examination of counsels' argument, we discover that the first assignment is directed to evidence of certain acts of Levi, which was admitted, doubtless, to prove an unlawful purpose on his part in making this mortgage. With some of these acts Sax had no immediate connection, yet they were competent for the purpose above indicated. In some of the acts so proven Sax was directly concerned, and, so far, they were properly admitted to prove his knowledge of Levi's acts and the relations subsisting between them. One of

the issues in the case involved Levi's good or bad
faith — lawful or unlawful purpose.  The other issue
was as to Sax's participation in, or knowledge of,
Levi's faith or purpose, as disclosed by his acts and
declarations at and prior to the making of the mort-
gage.

The second and third assignments of error, so far
as we can gather from the argument, are directed to
the admission of records of deeds and chattel mort-
gages made by Levi to the plaintiff and to members
of Levi's family.  The contention seems to be that
these records are subject to the rules governing the
admission of secondary evidence, as copies of docu-
ments lost or destroyed.  The statute establishes a
different rule.  A party desiring to use the record of
any instrument properly recorded, that is, eligible to
be recorded, is only required to show that the original
is not in his possession or control, and this may some-
times be presumed by the existence of other facts.

At the conclusion of plaintiff's brief, some refer-
ences are made to the court's instructions; but as no
assignment of error covers the matter of the court's
instructions, we do not deem it necessary or advisable
to consider them.

We find no error in the matters challenged by the
assignments of error, and the judgment is affirmed.